PROB 12C
(6/16)

Report Date: June 13, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Michael Jaims Wood | Case Number: 0980 2:18CR00138-TOR-4 |
| Address of Offender: ███████████████ Spokane, Washington 99205 | |

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: March 14, 2019

| | |
|---|---|
| Original Offense: | Count 1: Unlawful User of Controlled Substances in Possession of Firearms, 18 U.S.C §§ 922 (g)(3), and 924 (a)(2); |
| | Count 2: Possession of Stolen Firearms 18 U.S.C.§§ 922 (j), and 924 (a)(2) |
| Original Sentence: | Prison - 51 months; TSR - 36 months |
| Type of Supervision: | Supervised Release |
| Revocation Sentence: (February 19, 2025) | Prison- 84 days TSR- 24 months |
| Asst. U.S. Attorney: | Earl Allan Hicks |
| Date Supervision Commenced: | April 10, 2025 |
| Defense Attorney: | Adrien Lindsey Fox |
| Date Supervision Expires: | April 9, 2027 |

---

### PETITIONING THE COURT

To issue a warrant:

On April 15, 2025, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Wood, as outlined in the judgment. Mr. Wood signed a copy of the conditions acknowledging the requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #2**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility. |
| | **Supporting Evidence**: It is alleged that Michael Wood violated the terms of his supervised release by being terminated from the residential reentry center (RRC) on or about May 27, 2025. |

Prob12C
Re: Wood, Michael Jaims
June 13, 2025
Page 2

On May 27, 2025, the undersigned was notified via email from RRC staff that on May 26, 2025, Mr. Wood was displaying concerning behavior and appeared to be under the influence of a controlled substance.

According to the incident report provided by the RRC staff, on May 26, 2025, at approximately 7:32 a.m., staff observed Mr. Wood sitting on his bed hunched over with another resident. Mr. Wood was called to the control room to be questioned by staff. He was asked how he was feeling. Mr. Wood replied, "fine;" however, staff observed Mr. Wood to look dazed and tired, and he was slow to respond and disoriented.

At approximately 1:15 p.m., Mr. Wood was observed to be acting in the same manner. At that time, Mr. Wood submitted a random urinalysis test and it was sent to the lab for confirmation. He was asked if he wanted medical attention, which he denied. Staff then observed Mr. Wood passing something to another resident that looked like contraband. It was confiscated and placed in a bag.

Later that same date, the undersigned was notified by RRC staff that Mr. Wood was being unsuccessfully terminated from the RRC due to appearing to be under the influences of illicit substances.

On June 5, 2025, the results for the random urinalysis test that was submitted on May 26, 2025, returned positive for synthetic marijuana.

2   **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Mr. Wood violated the terms of his supervised release by ingesting synthetic marijuana on or about May 26, 2025.

On June 5, 2025, the undersigned was notified by RRC staff that Mr. Wood's random urinalysis from May 26, 2025, returned from the lab positive for synthetic marijuana

3   **Special Condition #4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Wood is alleged to have violated special condition number 4 by failing to participate in substance abuse treatment on May 20, June 9, 10, and 11, 2025.

On May 21, 2025, the undersigned was notified by Pioneer Human Services (PHS) staff that Mr. Wood was a no show for his scheduled substance abuse session. PHS staff reached out to Mr. Wood and he advised he was unable to get approval to leave the RRC for this scheduled substance abuse session.

Prob12C
**Re: Wood, Michael Jaims**
June 13, 2025
Page 3

On May 27, 2025, the undersigned verified with the RRC staff that Mr. Wood never requested time out for that appointment on that date and time; therefore, Mr. Wood was dishonest about why he did not attend his substance abuse counseling.

On June 9, 2025, PHS staff notified the undersigned that Mr. Wood showed up for his substance abuse counseling, but then left shortly after; therefore, it is counted as a no show.

On June 10, 2025, PHS staff notified the undersigned that Mr. Wood showed up for his substance abuse counseling; however, he appeared to be highly intoxicated and was asked to leave.

On June 11, 2025, PHS staff notified the undersigned that Mr. Wood was a no show for his substance abuse counseling.

| | |
|---|---|
| 4 | **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed. |

**Supporting Evidence**: Mr. Wood is alleged to have violated standard condition number 2 by failing to report to the United States Probation Office on June 10 and 11, 2025.

On June 10, 2025, at approximately 12:20 p.m., the undersigned attempted to contact Mr. Wood and was unsuccessful. The undersigned left a voicemail instructing him to report on this date by 2:30 p.m. A text message was also sent with those same reporting instructions.

At 2:30 p.m., Mr. Wood failed to report. The undersigned attempted to contact him via telephone again, and left another message instructing him to report on June 11, 2024, at 8 a.m.

On June 11, 2025, Mr. Wood was a no show. The undersigned contacted the offender via telephone. He was instructed to report to the office by 10 a.m. He advised that he could report by 12 p.m.

At 12 p.m., Mr. Wood was a no show. The undersigned attempted to call him again, with no answer.

| | |
|---|---|
| 5 | **Special Condition #1:** You must complete mental health evaluations and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment to your ability to pay. |

**Supporting Evidence**: Mr. Wood is alleged to have violated special condition number 1 by failing to participate in mental health treatment on May 19, 2025.

On May 21, 2025, a mental health clinician notified the undersigned that Mr. Wood was a no show for his scheduled mental health assessment. The mental health clinician advised that he reached out to Mr. Wood and Mr. Wood advised he was unable to get approval to leave the RRC for this scheduled assessment.

Prob12C
Re: Wood, Michael Jaims
June 13, 2025
Page 4

On May 27, 2025, the undersigned verified with the RRC staff that Mr. Wood never requested time out for that appointment on that date and time; therefore, Mr. Wood was dishonest about why he did not attend his mental health assessment.

As of the date of this report, he has yet to reschedule his mental health assessment.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   June 13, 2025

s/Courtney Hambel

Courtney Hambel
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Thomas O. Rice
United States District Judge

June 16, 2025
Date